# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BECKER,<br><br>                Petitioner,<br><br>       v.<br><br>WARDEN,<br><br>                Respondent. | Case No. 1:21-cv-01129-EPG-HC<br><br>ORDER GRANTING PETITIONER LEAVE TO AMEND<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK § 2241 FORMS |

Petitioner Christopher Becker is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**DISCUSSION**

The Rules Governing Section 2254 Cases[1] ("Habeas Rules") require preliminary review of a habeas petition and allow a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Habeas Rule 2(c) states that a petition must "(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground." Petitioner must state his claims with sufficient specificity. See McFarland v. Scott, 512 U.S. 849, 856 (1994);

---

[1] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

1

Hendricks v. Vasquez, 908 F.2d 490, 491–92 (9th Cir. 1990). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" Mayle v. Felix, 545 U.S. 644, 656 (2005) (quoting 28 U.S.C. § 2243).

In Ground One, Petitioner asserts that pretrial detainees cannot be subjected to anything amounting to punishment. In support of this claim, Petitioner states that a Federal Bureau of Prisons ("BOP") disciplinary hearing officer disallowed good conduct credit for an incident while Petitioner was a pretrial detainee in the custody of the United States Marshal Service. (ECF No. 1 at 2–3).[2] Although pretrial detainees "may not be punished prior to an adjudication of guilt," "[n]ot every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense." Bell v. Wolfish, 441 U.S. 520, 536, 537 (1979). For example, "pretrial detainees may be subjected to punishment for violations of prison rules or policies as long as they are provided a due process hearing." Davis v. Penzone, 795 F. App'x 1008, 1009 (9th Cir. 2020) (citing Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996)); accord Dupnik, 75 F.3d at 524 ("[P]retrial detainees may be subjected to disciplinary [sanctions] only with a due process hearing to determine whether they have in fact violated any rule."). That Petitioner was disallowed good conduct credit for an incident while he was a pretrial detainee, without more, does not state a due process claim.

In Ground Two, Petitioner asserts that BOP employees violated Petitioner's right to due process by denying him access to an administrative remedy when he requested an administrative remedy in writing. (ECF No. 1 at 3). However, "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Therefore, challenges to the adequacy of the administrative remedy procedure or the disposition of Petitioner's grievance fail to state a due process claim. See Garcia v. Seeley, No. 19-56128, 2021 WL 1753815, at *1 (9th Cir. May 4, 2021) (holding that prisoner "did not plausibly allege violation of his right to due process because prisoners do not have a liberty interest in a particular grievance procedure");

---

[2] Page numbers refer to ECF page numbers stamped at the top of the page.

Yoon v. Arnett, 385 F. App'x 666, 668 (9th Cir. 2010) (holding that "the district court properly dismissed any due process claim [prisoner] sought to allege based on defendants' alleged failure to respond to, and interference with, [prisoner]'s administrative grievances, because he has no due process right to the handling of grievances in any particular manner").

As the petition fails to state a cognizable claim for federal habeas relief, it should be dismissed. However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). Therefore, the Court will grant Petitioner an opportunity to file an amended petition.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is GRANTED leave to file a first amended petition within **THIRTY (30) days** of the date of service of this order; and
2. The Clerk of Court is DIRECTED to send Petitioner blank § 2241 habeas forms.

Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: __August 10, 2021__                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE