# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BECKER,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>    Respondent. | Case No. 1:21-cv-01129-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITON FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Christopher Becker is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. As the instant petition fails to state a cognizable federal habeas claim, the undersigned recommends dismissal of the petition.

**I.**

**BACKGROUND**

On July 26, 2021, Petitioner filed the instant petition for writ of habeas corpus, challenging the loss of good conduct credit while Petitioner was a pretrial detainee and asserting a due process violation when he was denied an administrative remedy. (ECF No. 1). On August 11, 2021, the Court found that the petition failed to state a cognizable federal habeas claim and granted Petitioner thirty days to file an amended petition. (ECF No. 4). On September 20, 2021, Petitioner filed a notice of change of address. (ECF No. 5). Accordingly, the Court re-served the order at Petitioner's new address. To date, Petitioner has not filed an amended petition, and the time for doing so has passed.

## II.

## DISCUSSION

The Rules Governing Section 2254 Cases[1] ("Habeas Rules") require preliminary review of a habeas petition and allow a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Habeas Rule 2(c) states that a petition must "(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground." Petitioner must state his claims with sufficient specificity. See McFarland v. Scott, 512 U.S. 849, 856 (1994); Hendricks v. Vasquez, 908 F.2d 490, 491–92 (9th Cir. 1990). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" Mayle v. Felix, 545 U.S. 644, 656 (2005) (quoting 28 U.S.C. § 2243).

In Ground One, Petitioner asserts that pretrial detainees cannot be subjected to anything amounting to punishment. In support of this claim, Petitioner states that a Federal Bureau of Prisons ("BOP") disciplinary hearing officer disallowed good conduct credit for an incident while Petitioner was a pretrial detainee in the custody of the United States Marshal Service. (ECF No. 1 at 2–3).[2] Although pretrial detainees "may not be punished prior to an adjudication of guilt," "[n]ot every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense." Bell v. Wolfish, 441 U.S. 520, 536, 537 (1979). For example, "pretrial detainees may be subjected to punishment for violations of prison rules or policies as long as they are provided a due process hearing." Davis v. Penzone, 795 F. App'x 1008, 1009 (9th Cir. 2020) (citing Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996)); accord Dupnik, 75 F.3d at 524 ("[P]retrial detainees may be subjected to disciplinary [sanctions] only with a due process hearing to determine whether they have in fact violated any rule."). That Petitioner was

---

[1] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.
[2] Page numbers refer to ECF page numbers stamped at the top of the page.

disallowed good conduct credit for an incident while he was a pretrial detainee, without more, does not state a due process claim.

In Ground Two, Petitioner asserts that BOP employees violated Petitioner's right to due process by denying him access to an administrative remedy when he requested an administrative remedy in writing. (ECF No. 1 at 3). However, "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)); accord Mann, 855 F.2d at 640 ("There is no legitimate claim of entitlement to a grievance procedure."). Therefore, challenges to the adequacy of the administrative remedy procedure or the disposition of Petitioner's grievance fail to state a due process claim. See Garcia v. Seeley, 854 F. App'x 882 (9th Cir. 2021) (holding that prisoner "did not plausibly allege violation of his right to due process because prisoners do not have a liberty interest in a particular grievance procedure"); Yoon v. Arnett, 385 F. App'x 666, 668 (9th Cir. 2010) (holding that "the district court properly dismissed any due process claim [prisoner] sought to allege based on defendants' alleged failure to respond to, and interference with, [prisoner]'s administrative grievances, because he has no due process right to the handling of grievances in any particular manner").

As the petition fails to state a cognizable claim for federal habeas relief, it should be dismissed. "[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). However, the undersigned previously granted Petitioner an opportunity to file an amended petition, and Petitioner failed to file an amended petition. Accordingly, the undersigned recommends that the petition be dismissed without further leave to amend.

## III.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that that the petition for writ of habeas corpus be dismissed.

///

1   Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to
2   the present matter.
3   This Findings and Recommendation is submitted to the assigned United States District
4   Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
5   Rules of Practice for the United States District Court, Eastern District of California. Within
6   **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file
7   written objections with the court and serve a copy on all parties. Such a document should be
8   captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned
9   United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28
10  U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified
11  time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d
12  834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 22, 2021**          /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE